## Shoup, Appellant, *v.* Shoup.

*Attorney at law—Fee—Judgment.*

Where an attorney at law has assigned to him an interest in a judgment in payment for professional services in connection with the judgment, and has been discharged by his client, his interest in the judgment will not be forfeited because he in good faith opposed a settlement between the parties to the judgment, which he deemed prejudicial to his interest.

Argued April 14, 1904.    Appeal, No. 74, April T., 1904, by Estella May Shoup, from order of C. P. No. 3, Allegheny Co., Aug. T., 1900, No. 370, D. S. B., discharging rule to strike off an assignment and a portion of a judgment, in case of Estella May Shoup v. L. E. Shoup.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to strike off assignment of an interest in a judgment. Before EVANS, J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order discharging rule.

*J. Scott Ferguson,* with him *Hudson & Howley,* for appellant. —Where the conduct of an attorney is adverse to his client and to the advantage of the other side, it has been held that he has no right to compensation for any service : Andrews v. Tyng, 94 N. Y. 16 ; Brackett v. Norton, 4 Conn. 517.

*Morton Hunter, p. p.*—The motion and rule to strike off the assignment of part of the judgment was upon the same footing

as a rule to strike off an entry of satisfaction of a judgment, which latter proceeding has been held to be a matter of summary relief addressed to the discretion of the court below, and that the exercise of that discretion is not the subject of review : Murphy v. Flood, 2 Grant, 411; McKinney v. Fritz, 2 W. N. C. 173 ; Funk v. Haldeman, 53 Pa. 229 ; Oil Creek R. R. Co. v. R. R. Co., 57 Pa. 65 ; Meigs's App., 62 Pa. 28 ; Kennedy v. Klaw, 6 Pa. Dist. Rep. 243.

OPINION BY SMITH, J., July 28, 1904 :

The appellant, on July 30, 1900, obtained a judgment against her husband, by confession, for $9,000, and on February 11, 1901, entered satisfaction of record.   Subsequently she employed Hudson & Howley, attorneys, in a proceeding to have the entry of satisfaction stricken off, and they associated with them, as an attorney, Hunter, the appellee.   By agreement with the appellant, the compensation of the attorneys, contingent on success, was fixed at one third of the judgment.   The matter was so proceeded in that on September 2, 1902, the entry of satisfaction was stricken off; and on April 7, 1903, after an unsuccessful appeal by the defendant in the judgment, the appellant assigned to Hudson, Howley & Hunter the one-third part of the judgment.   On June 8, 1903, Hudson & Howley and the appellant revoked Hunter's authority as an attorney in the case ; and the appellant also presented a petition praying that her assignment to Hunter of $1,000 of the judgment should be stricken from the record.   A rule was thereupon granted, which, on September 26, 1903, was discharged.

The appellant alleged, as the ground of her petition, that Hunter had, after the assignment, attempted to prevent a settlement which the parties to the judgment, with Hudson & Howley, had agreed on, and pursued a course which endangered the collection of the judgment, and had thereby " forfeited any compensation that he may have been entitled to."   On the other hand, the appellee alleges that the settlement was improvident, and open to serious objection from a legal point of view, and that in opposing it he was protecting his own interest, which he believed would be seriously prejudiced by it.

It is not necessary, for the purposes of this case, to balance the alleged advantages and disadvantages of the settlement re-

ferred to, or to determine whether the appellant was justified in making it, or the appellee in trying to defeat it. Nor need we consider whether the status of the appellee, as one of three joint assignees of one third of the judgment, was such as to give him the legal power to interfere with a settlement satisfactory to the other assignees and to the appellant, or whether, if the settlement subjects the appellee to loss, he has recourse over to the appellant or his coassignees. It clearly appears, from the evidence, that the appellee, in the course which he adopted, acted in good faith, and in the belief that this was necessary for his own protection, and was also for the advantage of the appellant. Under the agreement in the case, he had earned the compensation secured by the assignment, and he had a right to oppose any settlement which he believed would impair the security. He was not required to remain supine when he believed, on apparently reasonable grounds, that his rights were imperiled; nor was he required, for his justification, to prove that the settlement would in fact have resulted in loss to him. His efforts to enforce his rights, through the collection of the judgment, cannot be deemed antagonistic to the rights of the appellant, in such a sense as to subject him to the forfeiture of the compensation which he had earned. The conclusion reached by the learned judge below was warranted by the law and the evidence, and the order made in the premises is affirmed.